IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MANUEL RUELAS-SIGALA, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:10-CV-0090 |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**REPORT AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION TO DISMISS and TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED**

Petitioner MANUEL RUELAS-SIGALA, a state prisoner, has filed with this Court a federal Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his convictions for the felony offenses of indecency with a child and the resultant ten (10) year concurrent sentences. On May 28, 2010, respondent filed a motion to dismiss petitioner's habeas application as time barred. Petitioner did not file a response opposing the motion. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that respondent's motion be GRANTED, and the petition for a writ of habeas corpus be DISMISSED as time barred.

I.
PROCEDURAL HISTORY

In the 84th Judicial District Court of Ochiltree County, Texas, petitioner was charged by two indictments with the felony offenses of indecency with a child. *State v. Ruelas-Sigala*, Nos. 3802

and 3803. The two cause numbers were consolidated for trial under Cause No. 3802. On March 29, 2004, a jury found petitioner guilty of the charged offenses. On April 5, 2004, the state trial court assessed petitioner's sentence as confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, for a period of ten (10) years for each offense, such sentences to be served concurrently. Petitioner filed a direct appeal with the Court of Appeals for the Seventh District of Texas who, on June 6, 2006, affirmed petitioner's conviction and sentence.[1] *Ruelas-Sigala v. State*, No. 07-06-0431-CR. Petitioner sought review of the appellate court's decision by filing a petition for discretionary review. The Texas Court of Criminal Appeals refused said petition on April 9, 2008.[2] *Ruelas-Sigala v. State,* PDR No. 1843-07. Petitioner did not seek review of the state high court's refusal by petitioning the United States Supreme Court for a writ of certiorari.

On September 19, 2008, petitioner filed an application for a state writ of habeas corpus with the state trial court challenging his convictions. The Texas Court of Criminal Appeals denied petitioner's state habeas application without written order on December 17, 2008. *Ex parte Ruelas-Sigala*, No. 62,516-03. On December 6, 2009 petitioner executed the instant federal habeas application challenging his conviction and sentence.

## II.
## STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

---

[1] Petitioner filed a direct appeal of his conviction in 2004, however, on December 10, 2004, the state intermediate appellate court dismissed his appeal for want of jurisdiction because his notice of appeal was untimely filed. *Ruelas-Sigala v. State*, No. 07-04-0411-CR. On October 5, 2005, in response to petitioner's state application for a writ of habeas corpus, the Texas Court of Criminal granted petitioner permission to file an out-of-time appeal. *Ex parte Ruelas-Sigala*, No. AP-75,260.

[2] The Texas Court of Criminal Appeals granted petitioner permission to file an out-of-time petition for discretionary review in response to his second state application for habeas corpus relief. *Ex parte Ruelas-Sigala*, No. AP-75,797.

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### III.
### TIME BAR

The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period in this case began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

After the Texas Court of Criminal Appeals' refusal of petitioner's petition for discretionary review (PDR) on April 9, 2008, petitioner had ninety (90) days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* Sup. Ct. R. 13.1, 13.3 (2008).[3] Petitioner, however, failed to do so. Therefore, petitioner's conviction became final upon the expiration of the time period in which to file his petition for a writ of certiorari, or July 8, 2008. As such, the instant federal application was due on or before July 8, 2009. Petitioner filed an application for a state writ of habeas corpus challenging his convictions on September 19, 2008, which was denied on December 17, 2008. The pendency of this state habeas application tolled the statutory limitations period for eighty-nine (89) days, rendering his federal habeas application due on or before October 5, 2009. Petitioner filed the instant federal habeas petition on December 6, 2009, sixty-two (62) days after the limitations period had expired.

Petitioner has not argued, much less demonstrated, that he is entitled to equitable tolling by showing he was prevented in some extraordinary way from filing in a timely manner, that he was actively misled by respondent, or some other valid basis. Consequently, petitioner's federal habeas application is time barred by the statute of limitations and it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application should be dismissed.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that respondent's motion to dismiss be GRANTED, and that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner MANUEL RUELAS-SIGALA, be

---

[3] It appears from the Texas Court of Criminal Appeals docket that petitioner's PDR was actually refused September 10, 2001. This conflict, however, does not affect the limitations issue and the Court will use the date provided by petitioner.

DISMISSED as time barred.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 18th day of June 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).